UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JORGE CORTES ALMAZO,

                              Petitioner,

-v-

THOMAS DECKER et al.,

                              Respondents.

18 Civ. 9941 (PAE)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

       Petitioner Jorge Cortes Almazo filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 against respondents Thomas Decker, Field Office Director of the U.S. Immigration and Customs Enforcement ("ICE") New York City Field Office, Kirstjen Nielsen, Secretary of the Department of Homeland Security, and then-Attorney General Jefferson B. Sessions III.[1] Cortes challenges his current detention at the Hudson County Correction Facility in Kearny, New Jersey, where he has been detained since April 2018. *See* Dkt. 4 (Petition) ¶ 3. On November 5, 2018, respondents moved to dismiss for lack of venue or, in the alternative, to transfer this case to the District of New Jersey. They contend that venue is improper in this district because a habeas petition brought under § 2241 challenging present detention must be brought against the immediate custodian and filed in the district in which the petitioner is detained. Because Cortes filed his habeas petition while he was physically present in and confined only at a detention center in New Jersey, they argue, only the District of New Jersey has jurisdiction over Cortes' challenge to his detention. For the reasons that follow, the Court

---

[1] On November 7, 2018, Attorney General Sessions resigned his office.

grants respondents' motion to transfer this petition to the United States District Court for the District of New Jersey.

Outside of the immigration context, it is well established that in habeas petitions challenging present physical confinement—as Cortes' petition does—"jurisdiction lies in only one district: the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). In that context, "the warden of the detention facility with physical custody of the petitioner" is the proper respondent because he or she "is the 'immediate custodian' with the ability to produce the petitioner pursuant to a writ of habeas corpus." *Phrance v. Johnson*, No. 14 Civ. 3569 (TPG), 2014 WL 6807590, at *2 (S.D.N.Y. Dec. 3, 2014) (quoting *Padilla*, 542 U.S. at 435, 437–39).

As Cortes notes, the Supreme Court in *Padilla* expressly reserved the question whether these principles apply to a habeas petition "filed by an alien pending deportation." *Padilla*, 542 U.S. at 435 n.8. Neither the Supreme Court nor the Second Circuit has addressed this issue. However, the overwhelming majority of courts in this District have applied *Padilla* to habeas petitions "filed by incarcerated aliens challenging their physical detention prior to deportation." *See, e.g.*, *Zhen Yi Guo v. Napolitano*, No. 09 Civ. 3023, 2009 WL 2840400, at *5 (S.D.N.Y. Sept. 2, 2009); *id.* (collecting cases); *S.N.C. v. Sessions*, 325 F. Supp. 3d 401, 410 (S.D.N.Y. 2018) (holding that the Court lacked jurisdiction over a habeas claim challenging detention because the claim was brought outside the "district of confinement"); *Cesar v. Shanahan*, No. 17 Civ. 7974 (ER), 2018 WL 1747989, at *1 (S.D.N.Y. Dec. 5, 2018) (transferring a petition to the District of New Jersey because petitioner was confined in New Jersey at the time petition was filed); *Chan Lo v. Sessions*, No. 17 Civ. 6746 (GHW), 2017 WL 8786850, at *1 (S.D.N.Y. Sept. 15, 2017) (holding that jurisdiction lies only in the district where petitioner was confined at time petition was filed); *Adikov v. Mechkowski*, No. 16 Civ. 3797 (JPO), 2016 WL 3926469, at *1

(S.D.N.Y. July 18, 2016) (same); *Bacuku v. Shanahan*, No. 16 Civ. 0305 (LGS), 2016 WL 1162330, at *1 (S.D.N.Y. Mar. 1, 2016) (same); *Rone v. Holder*, No. 15 Civ. 2815 (ER), 2015 WL 13722402, at *1 (S.D.N.Y. June 5, 2015) (same). A minority of courts have concluded that venue was proper in this district even though the petitioner was confined elsewhere. *See You v. Nielsen*, 321 F. Supp. 3d 451, 460–61 (S.D.N.Y. 2018) (reasoning that even if *Padilla* applies to immigration proceedings, petitioner was in the immediate custody of ICE officials); *Calderon v. Sessions*, No. 18 Civ. 5222 (PAC), 2018 WL 3677891, at *2–3 (S.D.N.Y. May 9, 2018) (holding that venue was proper in a petition naming petitioner's legal, rather than immediate, custodian because the immediate custodian is "a mere functionary" and "cannot respond to the merits of the claims underlying the habeas petition").

This Court, finding the reasoning in the majority of cases persuasive, adopts the rule embraced by most courts in this district. Because Cortes is challenging his detention and because he is confined in New Jersey and has been since before the filing of this action, "the warden of the detention facility with physical custody of the petitioner is the 'immediate custodian' with the ability to produce the petitioner pursuant to a writ of habeas corpus." *Phrance*, 2014 WL 6807590, at *2. Thus, jurisdiction lies only in the District of New Jersey, where Cortes is and has been confined. The proper respondent is his immediate custodian: Ronald P. Edwards, the Warden and Director of the Hudson County Correctional Facility where Cortes is detained. *See* Dkt. 11 (Martinez Decl.) ¶¶ 7, 8.

Accordingly, the Court grants respondents' motion to transfer this petition. *See* 28 U.S.C. § 1406(a). The Clerk of the Court is respectfully directed to terminate the motion pending at docket entry 10 and to transfer this case to the United States District Court for the District of New Jersey. Local Civil Rule 83.1 provides that "[i]n a case ordered transferred from

this District, the Clerk, unless otherwise ordered, shall upon the expiration of seven (7) days effectuate the transfer of the case to the transferee court. In light of the significant liberty interests at stake and the time-sensitive nature of Cortes' claims, the Court waives the seven-day period and directs the Clerk to effectuate this transfer as soon as possible.

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

Dated: November 13, 2018
New York, New York